UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH A. SUTTON,

       Petitioner,                                    Case No. 2:18-cv-10802

v.                                                   Honorable Sean F. Cox

THOMAS MACKIE,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S APPLICATION
## FOR A CERTIFICATE OF APPEALABILITY

Petitioner Joseph A. Sutton, a state prisoner in custody of the Michigan Department of Corrections, has appealed the Court's denial of his amended habeas corpus petition. The amended petition challenged Petitioner's state convictions for second-degree murder and two firearm offenses. He alleged as grounds for relief that: (1) the state prosecutor suppressed evidence that a key witness was threatened; (2) trial counsel was ineffective for failing to notify the trial court that death threats were made against the prosecution witness to induce his trial testimony; (3) trial counsel's failure to produce expert witnesses was prejudicial; and (4) appellate counsel was ineffective for failing to raise certain issues on direct review. The Court denied the amended petition on the merits. (ECF No. 28.)

Now before the Court is Petitioner's application for a certificate of appealability. (ECF No. 32.) Petitioner alleges in his application that the Court misperceived evidence and information concerning his *Brady*[1] claim and that the Court appeared to review his habeas claims with a biased attitude and a disregard for the evidence and facts. *Id*. at PageID.4322.

## I. DISCUSSION

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a prisoner must demonstrate that reasonable jurists could either disagree with the district court's resolution of his constitutional claims or conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).

The Court declined to issue a certificate of appealability in its dispositive opinion and order. The Court, therefore, will treat Petitioner's application for a certificate of appealability as a motion for reconsideration. This District's Local Rules provide that

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely

---

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963).

> present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Michigan Dep't of Envtl. Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017).

In his application for a certificate of appealability, Petitioner challenges the credibility of the two main prosecution witnesses at his trial, Andre Christian and Charmane Murphy. Petitioner reasserts his *Brady* claim that the prosecutor lied to the trial court and violated his right to due process by failing to disclose certain evidence about threats made to Christian. The Court rejected this issue in its dispositive opinion because the record did not support Petitioner's claims that the prosecution (1) deceived the trial court about how it discovered Christian or (2) suppressed evidence of threats made against Petition. Petitioner has not shown that the Court's decision contained a palpable defect and that correcting the defect would result in a different disposition of the case.

The Court also previously addressed Petitioner's concerns about Murphy's credibility, given her history of mental illness. The Court determined that trial counsel was not ineffective for failing to call experts witness to testify about Murphy's psychiatric records. The court stated that an expert witness was

unnecessary because defense counsel adequately challenged Murphy's testimony in other ways. Petitioner has not demonstrated that this conclusion amounted to a palpable defect.

Petitioner also contends in his application for a certificate of appealability that trial counsel was ineffective because she failed to present relevant evidence that Christian was biased against Petitioner. *See* Brief in Support of Application for a Certificate of Appealability, ECF No. 32, PageID.4337. But this is a new claim that Petitioner did not raise in his habeas petition, and his application for a certificate of appealability is not the proper place to raise a new claim. To the extent that Petitioner is raising a new basis for habeas corpus relief, that portion of his application is the equivalent of a second or successive habeas petition. The Court has no jurisdiction to consider Petitioner's new claim unless he first obtains permission from the Sixth Circuit Court of Appeals for authorization to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(A); *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3) and *Burton v. Stewart*, 549 U.S. 147, 149 (2007)).

## II. CONCLUSION AND ORDER

Petitioner is raising the same issues that the Court ruled on, either expressly or by reasonable implication, in its dispositive opinion. He has failed to show that the Court was biased against him, that it misperceived the facts, or that it made a

palpable error and that correcting the defect will result in a different disposition of the case.

Accordingly, the Court denies Petitioner's application for a certificate of appealability (ECF No. 32).

IT IS SO ORDERED.

Dated: August 5, 2021                                s/Sean F. Cox
                                                                               Sean F. Cox
                                                                               U. S. District Judge